# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**TUSHAR S. ACHHA,**
                    **Petitioner,**

          **v.**                                          **Case No.  11-C-1065**

**MICHAEL DITTMANN, Warden,**
**Redgranite Correctional Institution,**
                    **Respondent.**

---

## DECISION AND ORDER

Tushar Achha has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that his state-court conviction was obtained in violation of the Constitution.

## I.  BACKGROUND

Achha is an engineer and Indian citizen who, in 2008, was twenty-six years old and working on a temporary basis in Fond du Lac, Wisconsin.  On April 23, 2008, Carol Stuhlman-Roberts, a Waukesha County sheriff's detective, was conducting an Internet sting operation to catch men trying to have sex with children under sixteen.  Stuhlman-Roberts posed as a thirteen-year-old girl, "Niki," and entered an Internet chat room in which sexual discussions were known to occur.  Soon after Niki entered the chat room, Achha initiated contact with her by instant messaging, which is a form of communication involving instantaneous transmission of text-based messages.  Achha initiated this "chat" by sending Niki an instant message saying "hi."[1]  When Niki responded, Achha checked her profile, which showed that she was thirteen years old.  Achha then asked Niki whether she was

---

[1]The parts of the chat that I summarize in this opinion are taken from the State's brief in the Wisconsin Court of Appeals.  See Answer Ex. C at 2–14, ECF No. 9-3.

really only thirteen years old, and she said yes. Niki asked Achha whether he liked thirteen-year-olds, and he said that he liked them very much. He asked her whether she liked guys, and she said yes and that she liked "older ones." When Achha asked her how old, she said she had been with a guy who was forty-five. Achha asked her if she had had sex with this man, and she said that she did but that he died in a motorcycle accident. Achha then asked Niki if he could have sex with her. Niki said that if she met him and he seemed nice she would think about it. Achha proceeded to send Niki explicit messages in which he bragged about the size of his penis and his past sexual encounters.

Eventually, Achha repeated his request for sex with Niki. Niki told Achha that he would have to come to Waukesha to meet her and that her mother was going to be out of town during the coming weekend. Achha asked Niki to send him a photo of herself, and Stuhlman-Roberts sent him pictures of thirteen-year-old girls that she had stored on her computer. Stuhlman-Roberts accidentally sent Achha pictures of two different girls, but Achha did not seem to notice and responded by telling Niki that she was attractive. Achha once again told Niki that he wanted to meet her, and he added that he wanted to at least kiss her. Niki asked Achha for a picture of himself, and he said he would send her one so that she could decide whether he was "OK for [her] pleasure." After Achha sent the picture, Niki said he looked very nice. Achha again asked whether they could meet, and Niki said yes and asked for Achha's phone number, which he provided. Niki told Achha that she would call him the next day. The chat ended with Achha again bragging about the size of his penis.

The next day, April 24, 2008, an employee of the sheriff's department with a young-sounding voice called Achha and claimed to be Niki. Niki said that she could not meet

2

Achha during the upcoming weekend because her mother had cancelled her trip. But she proposed that they meet the following weekend, and Achha agreed. Achha asked Niki again whether she was thirteen, and she said yes. The phone call ended with the participants exchanging kisses. The day after that, April 25th, Niki initiated an Internet chat with Achha. When he responded, the two of them engaged in sexually explicit talk and continued to make plans to meet the following weekend.

A week later, on Friday, May 2, 2008, Achha sent Niki an instant message asking her to call him. She did and asked whether Achha planned to come to Waukesha that night. Achha responded by giving Niki various reasons why meeting her that night was not ideal, including that he did not know what to tell his roommates about where he was going. Eventually, Achha and Niki agreed that they would postpone their meeting for another week.

On Monday, May 5, 2008, Achha and Niki had another chat. Niki told Achha that her mother was going to be out of town the next weekend and that they could meet then. Achha confessed that he had "one doubt" about meeting her for sex. He explained that he had watched a video in which a twenty-six-year-old man chatted with a thirteen-year-old girl over the Internet and then went to the girl's home where the police and the media were waiting and he was arrested and put in jail. Niki told Achha that they would be careful and that there would be no police. She said she would call him tomorrow.

On Thursday, May 8, 2008, Niki called Achha, and they agreed that they would meet on Friday at a McDonald's near Niki's home. Niki told Achha that he should bring condoms and beer. On Friday, Niki and Achha had another phone conversation to confirm that they would meet at the McDonald's that night. Achha then drove to Waukesha. Initially, he

3

went to the wrong McDonald's, but after calling Niki and getting directions, he arrived at the correct McDonald's and was arrested in the parking lot. The police found a bag of clothing and an unopened box of condoms in his car.

Achha was charged with one count of using a computer to facilitate a child sex crime in violation of Wis. Stat. § 948.075(1r). That crime has four elements: (1) the defendant used a computer to communicate with an individual; (2) the defendant believed or had reason to believe that the individual was under the age of sixteen; (3) the defendant intended to have sexual intercourse or contact with the individual; and (4) the defendant did an act, in addition to using a computer, to carry out the intent to have sexual intercourse or contact. See Wis. Stat. § 948.075(1r); Wis JI—Criminal 2135. After a jury trial, Achha was found guilty and sentenced to five years' initial confinement and five years' extended supervision.

Achha appealed his conviction pro se. The Wisconsin Court of Appeals issued a written decision in which it noted that it was difficult to identify the issues that Achha intended to raise on appeal. The court determined that Achha was raising two issues: ineffective assistance of trial counsel and insufficient evidence. The court found that Achha had waived his ineffective-assistance claim by failing to raise it in a post-conviction motion in the trial court, as required by Wisconsin law. The court examined the insufficient-evidence claim in two ways. First, it examined whether there was sufficient evidence to support the elements of the offense of using a computer to facilitate a child sex crime. It then examined whether there was sufficient evidence to negate an entrapment defense. The court found that the evidence was sufficient to support the elements of the offense and to negate entrapment.

4

After the Court of Appeals affirmed the conviction, Achha unsuccessfully sought review in the Wisconsin Supreme Court. Achha filed a petition for certiorari with the United States Supreme Court, which was denied. On November 17, 2011, he filed the present habeas petition.

## II. DISCUSSION

Achha raises two issues in this court: "outrageous governmental conduct" in violation of the Due Process Clause, and insufficient evidence to negate an entrapment defense. Achha does not raise ineffective assistance of trial counsel as an issue, see Reply Br. at 10, ECF No. 16, and he concedes that the evidence was sufficient to support a finding of guilt on all the elements of using a computer to facilitate a child sex crime, see id. at 6.

### A. Outrageous Governmental Conduct

Achha's first claim is that Stuhlman-Roberts's Internet sting operation constituted a form of outrageous police conduct that violated the Due Process Clause. The "outrageous governmental conduct" defense has its origins in United States v. Russell, in which the United States Supreme Court stated that "we may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." 411 U.S. 423, 431–32 (1973). This statement was dicta, however, and in a subsequent Supreme Court decision, Hampton v. United States, 425 U.S. 484, 488–91 (1976), a three-Justice plurality stated that outrageous governmental conduct did not constitute a defense separate from entrapment.

Although the United States Supreme Court has not recognized an outrageous-governmental-conduct defense, some federal appellate courts have. See, e.g., United States v. Mitchell, 915 F.2d 521, 525–26 (9th Cir. 1990). However, the Seventh Circuit has rejected the defense, and so the law in this circuit is that there is no federal due-process right to have a conviction set aside on the ground that it was procured through outrageous police conduct. See, e.g., United States v. Stallworth, 656 F.3d 721, 730 (7th Cir. 2011); United States v. Boyd, 55 F.3d 239, 241 (7th Cir. 1995). Although the Wisconsin Court of Appeals has examined the outrageous-governmental-conduct defense on a few occasions, the Wisconsin Supreme Court has not recognized it. See State v. Gibas, 184 Wis. 2d 355, 359–63 (Ct. App. 1994) (collecting cases). In any event, errors of state law are not cognizable on federal habeas review, see Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004), and so even if the Wisconsin courts would recognize the outrageous-governmental-conduct defense as a matter of state law, Achha could not benefit from it here. Accordingly, Achha is not entitled to habeas relief on the basis of outrageous governmental conduct.

## B.      Sufficiency of the Evidence Negating Entrapment Defense

The Wisconsin Court of Appeals resolved Achha's challenge to the sufficiency of the evidence negating an entrapment defense on the merits, and so the standard of review in 28 U.S.C. § 2254(d) applies. Thus, Achha may obtain habeas relief on this claim only if the court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court law or resulted in an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. Achha does not contend

that the Wisconsin Court of Appeals rendered a decision that was contrary to any clearly

established Supreme Court law. Instead, he argues that the court's conclusion that the

evidence was sufficient to negate an entrapment defense was unreasonable.

In Wisconsin, entrapment is a common-law affirmative defense to a charge. See

State v. Saternus, 127 Wis. 2d 460, 467–68 (1986); State v. Hilleshiem, 172 Wis. 2d 1, 8–9

(Ct. App. 1992). Entrapment occurs "when the 'evil intent' and the 'criminal design' of the

offense originate in the mind of the government agent, and the defendant would not have

committed an offense of that character except for the urging of the government."

Hilleshiem, 172 Wis. 2d at 8. To establish the defense of entrapment, the defendant must

show by a preponderance of the evidence that he was induced to commit the crime. Id.

If the defendant meets this burden, then the burden falls on the state to prove beyond a

reasonable doubt that either the inducement was not excessive or the defendant was

predisposed to commit the crime. Id. at 8–9. The fact that a government agent furnishes

the accused with an opportunity to commit the crime does not by itself constitute

entrapment. Id. at 9. Furthermore, law-enforcement officers may engage in some

inducement, encouragement, or solicitation in order to detect criminals. Id. Entrapment

will be established only if the law-enforcement officer used excessive incitement, urging,

persuasion or temptation, and, prior to the inducement, the defendant was not already

disposed to commit the crime. Id.

In the present case, the trial court instructed the jury on entrapment. However,

entrapment was not Achha's primary defense at trial. Achha decided to testify, and when

he did he did not claim that law enforcement induced him to commit any of the elements

of using a computer to facilitate a child sex crime. Instead, he claimed that he did not

7

intend to have sexual contact or intercourse with an individual under the age of sixteen. Achha testified that when he began chatting with Niki on the Internet, he did not think he was actually chatting with a thirteen-year-old girl. See Trial Transcript at 153, 155, Answer Ex. K, ECF No. 9-13. He thought he was engaged in a game in which men would pose as women on the Internet and try to trick other men into thinking they were talking to girls. Id. at 164–66. Achha testified that all his actions towards Niki were attempts to "win" this game—where "winning" means that you are not the first person to withdraw from the game—and that therefore he was not using the computer to facilitate sex with a thirteen-year-old. Id. at 166.

In light of Achha's failure to claim during his testimony that he was induced to commit the crime of using a computer to facilitate a child sex crime, it is not surprising that the jury rejected his entrapment defense. Moreover, the evidence other than Achha's testimony did not support the defense. Achha, not Niki, was the one who first proposed meeting for sex, and the jury could have reasonably interpreted the comments that Achha made to Niki during their Internet chats as indicating that he was predisposed to using a computer to facilitate sex with someone under the age of sixteen. Achha points out that he declined to travel to Waukesha to have sex with Niki on May 2, 2008, and argues that this shows he was not predisposed to having sex with someone under the age of sixteen. However, Achha never told Niki that he did not want to meet her for sex, and in fact he only postponed the meeting for a week; he did not cancel it. There is no evidence in the record indicating that Achha's decision to travel to Waukesha on May 8, 2008, was the result of excessive prodding by Stuhlman-Roberts or her colleagues. Thus, the evidence was sufficient to negate entrapment. At the very least, the Wisconsin Court of Appeals's

conclusion that it was was reasonable.  Accordingly, Achha is not entitled to habeas relief on this claim.

### III.  CONCLUSION

For the reasons stated, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.  The Clerk of Court shall enter final judgment.  Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 25th day of June 2012.


s/ Lynn Adelman
LYNN ADELMAN
District Judge